# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) Bankruptcy Case No. 04-30360 |
| RICARDO D. DLUBAK and | ) Chapter 13 |
| KIMBERLY K. DLUBAK, | ) |
| | ) |
| Debtors. | ) |

- - -

| | |
|---|---|
| RICARDO D. DLUBAK and | ) |
| KIMBERLY K. DLUBAK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Adversary Proceeding No. 05-03065 |
| | ) |
| SELECT PORTFOLIO SERVICING, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

A trial on the Complaint of the Debtors Pursuant to 11 U.S.C. Section 506(a) and Bankruptcy Rule 3012 to Determine the Value of Security and Creditor's Allowed Secured Claim (Document No. 1) was held on June 8, 2006.

After review of the notes of trial and the exhibits admitted into evidence, the Court generally accepts the testimony of Debtors' appraiser, Richard M. Greenhouse, and finds the value of the Debtors' residence, located at 3311 Conway Wallrose Road, Sewickley, PA 15143, to be $70,000.

In making this determination, the Court has reviewed the comparable sales submitted by both appraisers. The Court agrees with both appraisers (Richard M. Greenhouse and

Defendant's appraiser, Neil Krepps) that Fannie Mae guidelines for adjustments to comparables are not required for the assessment of fair market value in the circumstances of this case.

Although the comparables submitted by both appraisers are of houses (and sometimes outbuildings and grounds) that are uniformly in significantly better condition and of higher value than Debtors' house, the Court generally accepts the testimony regarding the adjustments to the comparable properties, as amended on the record, by Mr. Greenhouse. Nonetheless, the Court cannot accept the adjustment of $50,000 by Mr. Greenhouse regarding the only property used as a comparable by both appraisers, that located at 1230 Tevebaugh Road. There is insufficient support for such a large reduction, even though the Tevebaugh Road property is clearly superior to Debtors' property. Similarly, the Court cannot accept a mere $1,000 net adjustment to the same property by Mr. Krepps because of the superior condition of the house, garage and yard.

Despite the Court's disagreement with both appraisers over the adjustments to the Tevebaugh Road comparable, the Court finds that in terms of structure and utility it is the most comparable to Debtors' property. Thus, the Court adjusts the property to a comparable value of $90,000. Despite this adjustment, the Court further finds that Debtors' property is fairly valued at $70,000 because of the limitation on the number of buyers who would be interested in acquiring Debtors' property compared to the more general marketability of the comparables.

The testimony of the appraisers is supported by photographs. Examination of the photographs of the condition of the Debtors' property, both exterior and interior, reveals that it is, at best, in "average to fair" condition and that the comparables are all in better condition that Debtors' property. Debtors' property requires a substantial amount of repair and remodeling work to make it marketable to anyone other than a do-it-yourself "fixer-upper" or someone with

sufficient resources to hire a contractor to make the repairs. Thus, the market is limited to buyers who would be willing to spend $70,000 for a home in a location on a busy street and that has, *inter alia*, missing walls and ceilings, a non-functioning bathroom, holes in the walls around the showerhead, missing flooring in the kitchen, holes in the paneling going up the interior stairwell, exterior siding in need of paint, roof in need of repair, gutters clogged, grounds in disrepair and poor access into the front of the house (*i.e.*, no sidewalk or steps from the street to the door). Many of these repairs would undoubtedly be a condition for financing.

In addition, there is some question as to whether the house has mold due to moisture problems in the basement, and, if so, the difficulty to be encountered in removing it. The appraisers, both of whom viewed the property, do not agree as to the presence of mold. Based on the photograph that purports to show mold, however, the Court concludes that the mold problem is not serious, if it exists at all, and would not be a major deterrent to a buyer. Coupled with the other needed repairs, however, the dampness in the basement would certainly detract from the value of the property. Thus, the marketability of the property in interest in its current condition is restricted to a limited pool of potential buyers.

**NOW, THEREFORE**, this 9th day of June, 2006, for these reasons and for the reasons expressed on the record following the hearing of June 8, 2006, it is hereby

**ORDERED** that the Court finds the fair market value of Debtor's property to be $70,000 The interest rate to be applied to this value is 8% as stipulated to by the parties.

The Clerk shall close this Adversary.

_____
Judith K. Fitzgerald
U.S. Bankruptcy Judge

jmd

cc    Clayton S. Morrow, Esquire
Morrow & Morrow, PC
304 Ross Street
7th Floor, Mitchell Building
Pittsburgh, PA 15219

Kristen D. Little, Esquire
425 Commerce Drive, Suite 100
Fort Washington, PA 19034

Ronda Winnecour
Chapter 13 Trustee

Dated: 6/12/2006
13:46:48